Zippitelli v. Prall

Before Hoban, P. J., and Eagen and Robinson, JJ.

*Kingsley A. Jarvis*, for plaintiff.

*Albert B. Mackarey* and *Michael Shehadi*, for defendants.

HOBAN, P. J., October 17, 1958. — Plaintiff with Ralph Prall, a boy of 17 years of age, and three others, not including either of the other defendants, comprised a hunting party and went into the field to hunt deer. The party, as is usual, agreed on a plan and assigned a station to plaintiff. Ralph Prall fired his weapon and the bullet struck and seriously injured plaintiff. The complaint avers:

(a) William and Violet Prall, parents of Ralph, knew that Ralph was the owner and possessor of firearms.

(b) That William and Violet Prall permitted their son Ralph to join the hunting party and go into the field.

(c) That it was the duty of the parents so to control the actions of Ralph in the hunting field that he would not negligently or carelessly discharge a firearm and wound a companion.

Defendants, William and Violet Prall, filed preliminary objections in the nature of a demurrer.

There is no question that a case is stated as to Ralph and no demurrer is entered as to his responsibility, but the preliminary objections raise the question as to

whether on the facts stated legal responsibility can be imputed to the parents.

We are of the opinion that the demurrer must be sustained. Under The Game Law of June 3, 1937, P. L. 1225, a person over the age of 16 is entitled after proper identification to receive a hunting license and is not required to be accompanied into the field by a parent, guardian or other supervisor. While it does not appear from the complaint, it seems to have been conceded at the oral argument that Ralph was properly licensed. The theory of plaintiff is that parental responsibility ought to follow the minor who is permitted by his parents to own or possess dangerous weapons. We can find no case to support such a proposition in its entirety. The mere fact that defendants knew of the possession by their son of firearms and permitted him to engage in the sport of hunting, without more, cannot create a liability for the subsequent negligent actions of the son. The case might be different if it could be shown that the son was not duly licensed to hunt, or that the parents knew, or should have known, that he was an incompetent person to handle firearms. The principles involved are reviewed by Robinson, J., of this court, in Monske v. Mazaleski, 54 Lack. Jur. 189. The cases cited by plaintiff do not seem to us sufficient for us to authorize a variance from the common law rule that a parent is not liable for the tort of a child simply because of the relationship.

We are, however, of the opinion that the possibility of recovery under a better statement of the case is not excluded, and rather than grant judgment for defendants, that plaintiff should have an opportunity to amend, if he can, to show additional grounds for imposing responsibility on the parents.

Now, October 17, 1958, the preliminary objections are sustained, but plaintiff is allowed 20 days to amend, or in default of such amendment then judg-

ment to be entered for defendants, William J. Prall, Jr., and Violet Prall, his wife.

### On Preliminary Objections to Amended Complaint

HOBAN, P. J., December 12, 1958.—We are of the opinion that the amended complaint states a cause of action. From the facts as pleaded it would appear that defendants, William J. Prall, Jr., and Violet Prall, his wife, the parents of Ralph Aaron Prall, a boy of 17, knew that their son was mentally deficient and childish, that he had a history of a violation of the Game Laws, that he was an incompetent person to handle firearms, yet nevertheless they not only permitted him to obtain a hunting license but to own and use firearms, and permitted him specifically to go on the hunting expedition which resulted in the wounding of a hunting companion by a shot fired from a weapon in the hands of Ralph Prall.

As we pointed out in our opinion sustaining the preliminary objections to the original complaint, the mere relationship of parent and child does not of itself impose liability on the parent for the tort of the child. However, it is a sound principle that if anyone, parent or otherwise, has the right or ability to control an activity of another and has reason to believe that the other would conduct himself in such activity in a manner so as to create an unreasonable risk of harm to others, that person should be held responsible for the failure to exercise such control as he is able to or ought to exercise under the circumstances.

We are of the opinion that the case as now pleaded falls within the principles of §308, Restatement of Torts, and that the amended complaint now calls for an answer.

Now, December 12, 1958, the preliminary objections to the amended complaint are overruled, defendants to answer over in 20 days.